[Cite as *Robinson v. Dept. of Rehab. & Corr.*, 2011-Ohio-1429.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DALE G. ROBINSON

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2010-02171

Judge Alan C. Travis

DECISION

{¶ 1} On January 3, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4 and Civ.R. 56.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 4}** At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Warren Correctional Institution (WCI) pursuant to R.C. 5120.16. Plaintiff states in his complaint that on April 12, 2009, he was at the "pill call" window to receive his medication when Corrections Officer (CO) Barnett placed him in handcuffs "for no reason" and escorted him to a segregation unit where Barnett and CO Duncan then "beat" him. Plaintiff claims that defendant's employees were negligent both in using excessive force against him and in removing him from the pill call window before he received his medication. Plaintiff also seeks a "declaratory judgment from this court to forbid defendant's agents" from engaging in such conduct.

**{¶ 5}** The Ohio Administrative Code sets forth the circumstances under which force may be lawfully utilized by prison officials and employees in controlling inmates. Ohio Adm.Code 5120-9-01(C) provides, in relevant part:

**{¶ 6}** "(2) Less-than-deadly force. There are six general circumstances in which a staff member may use force against an inmate or third person. A staff member may use less-than-deadly force against an inmate in the following circumstances:

**{¶ 7}** "(a) Self-defense from physical attack or threat of physical harm;

**{¶ 8}** "(b) Defense of another from physical attack or threat of physical attack;

**{¶ 9}** "(c) When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders;

**{¶ 10}** "(d) When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance;

**{¶ 11}** "(e) Prevention of an escape or apprehension of an escapee; or

**{¶ 12}** "(f) Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

**{¶ 13}** The court has recognized that "corrections officers have a privilege to use force upon inmates under certain conditions. * * * However, such force must be used in the performance of official duties and cannot exceed the amount of force which is reasonably necessary under the circumstances. * * * Obviously, 'the use of force is a reality of prison life' and the precise degree of force required to respond to a given

situation requires an exercise of discretion by the corrections officer." *Mason v. Ohio Dept. of Rehab. & Corr.* (1990), 62 Ohio Misc.2d 96, 101-102. (Internal citations omitted.)

{¶ 14} In support of its motion, defendant filed the affidavits of Barnett and Duncan. In his affidavit, Barnett states, in part:

{¶ 15} "3. On April 12, 2009, I escorted two segregation inmates to the pill call. I gave a direct order to [plaintiff] to move aside, so that the two inmates I was escorting could receive their medication and be returned to segregation. After [plaintiff] just stared back at me, I gave a second direct order to [plaintiff] to step back from the pill window. This time, [plaintiff] reluctantly stepped back, but then walked back to the pill window while the other inmates were trying to get their medications. Then for the third time, I gave a direct order to [plaintiff] to move away from the window. Finally, [plaintiff] stepped back, stared [at] me, and when I began to leave with the two inmates, [plaintiff] said to me, 'Who the fuck are you?' I then ordered [plaintiff] to place his arms behind his back to be handcuffed. Then, [plaintiff] turned around face to face with me. In response, I placed [plaintiff] against the wall and attempted to handcuff him. I needed to apply a minimal amount of force to control the situation as [plaintiff] was acting defiant and uncooperative throughout the entire incident. After [plaintiff] was placed in handcuffs, I escorted him to segregation.

{¶ 16} "4. Neither I nor CO Duncan assaulted [plaintiff], and I am unaware of any assault taking place while [plaintiff] was in segregation.

{¶ 17} "5. During the use of force incident, WCI and [defendant's] policy was properly followed by the prison staff."

{¶ 18} Attached to Barnett's affidavit is an authenticated copy of a conduct report that he wrote as a result of the incident.

{¶ 19} Duncan's affidavit states, in part:

{¶ 20} "3. On April 12, 2009, neither I nor CO Barnett assaulted [plaintiff], and I am unaware of any assault taking place while [plaintiff] was in segregation."

{¶ 21} As stated above, plaintiff did not file a response to defendant's motion, nor did he provide the court with any affidavit or other permissible evidence to support his allegations.

{¶ 22} Civ.R. 56(E) states, in part, as follows:

{¶ 23} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 24} Based upon the uncontested affidavit testimony provided by defendant, reasonable minds can only conclude that defendant's employees did not use excessive force in subduing or controlling plaintiff after he refused to comply with CO Barnett's direct orders. Further, inasmuch as plaintiff was in the process of receiving his medication at the pill call window when the incident occurred, it is reasonable to conclude only that his own defiant and argumentative conduct, which necessitated his removal to the segregation unit, was the sole proximate cause of his alleged failure to receive his medication. Therefore, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law.

{¶ 25} Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be entered in favor of defendant.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DALE G. ROBINSON

Plaintiff

v.

DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant
  Case No. 2010-02171

Judge Alan C. Travis

<u>JUDGMENT ENTRY</u>


        A non-oral hearing was conducted in this case upon defendant's motion for summary judgment.   For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant.   Court costs are assessed against plaintiff.   The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


                                    _____
                                    ALAN C. TRAVIS
                                    Judge

cc:


Daniel R. Forsythe                          Dale G. Robinson
Assistant Attorney General                  117 South Woodward Avenue
150 East Gay Street, 18th Floor             Dayton, Ohio 45417
Columbus, Ohio 43215-3130

RCV/cmd
Filed March 10, 2011
To S.C. reporter March 22, 2011